J-S14016-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BRANDON MICHAEL WEBB | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHARLYNN KRISTINE WEBB | : | |
| | : | |
| Appellant | : | No. 1755 MDA 2025 |

Appeal from the Order Entered November 17, 2025
In the Court of Common Pleas of York County Civil Division at No(s):
2024-FC-001049-03

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED: JULY 28, 2026**

Sharlynn Kristine Webb ("Mother") appeals from the order denying her request to relocate to California. Mother argues the court's analysis was tainted by several factual misconceptions. We find Mother has waived all issues and dismiss the appeal.

Mother is from California. She met Brandon Michael Webb ("Father") in Pennsylvania. The couple married and had two children, who were born in 2021 and 2024. Father left the marital residence in the fall of 2024.

Shortly thereafter, in January 2025, Father filed a complaint seeking shared legal and physical custody of the children. Mother subsequently filed a notice of proposed relocation seeking to move, with the children, to California.

The court held hearings on October 1, 2025, and October 31, 2025. At the conclusion of the second hearing, the court entered a final order[1] awarding the parties shared legal custody of the children. The court weighed the custody and relocation factors and denied Mother's proposed relocation. **See** Trial Court Opinion, 1/16/26, at 7 (citing 23 Pa.C.S.A. §§ 5328, 5337); **see also** **id.** at 18, 20. It awarded Mother primary physical custody of the children during the school year and Father primary physical custody during the summers.

Relevant to this appeal, the court found that relocation factor two, regarding "the age, developmental stage, needs of the child[,] and the likely impact the relocation will have on the child's physical, educational and emotional development, taking into consideration any special needs of the child," weighed in Father's favor. **See** 23 Pa.C.S.A. § 5337(h)(2). The court considered that one of the children — E.G.W. — was born with a cleft palate that requires special medical care and for several years has received this care from a team at Children's Hospital of Philadelphia ("CHOP"). The court noted that while the team's surgeon was retiring, the team members would remain the same. In finding for Father on this factor, the court considered it significant that "Mother's proposed move to California would have a significant impact on the children's emotional development as it relates to their relationship with

---

[1] The court entered interim custody orders in March and October 2025.

Father, who resides in Pennsylvania and would not be able to have meaningful periods of custody with the children." Trial Ct. Op. at 12.

The court found relocation factor six – whether "the relocation will enhance the general quality of life for the party seeking the relocation, including, but not limited to, financial or emotional benefit or educational opportunity" – did not weigh in Mother's favor. *See* 23 Pa.C.S.A. § 5337(h)(6). The court observed that Mother's job search in Pennsylvania "showed little effort on Mother's part to locate a job in her chosen (or a related[)] field[] in Pennsylvania or anywhere on the East Cost." Trial Ct. Op. at 13. It also found that she had "tailored her job search such that the jobs and salaries in Pennsylvania were significantly different than those she was applying for in California." *Id.* The court further noted that Mother had presented no evidence regarding her proposed salary in comparison to the increased cost of living in California. The court also considered "the significant travel expenses that would be involved in child custody exchanges should Mother relocate across the country, given the young ages of the children." *Id.* It concluded that Mother's assertion that a relocation to California presented a financial benefit was "entirely speculative[.]" *Id.* (italics removed).

The court similarly found that factor seven did not weigh in Mother's favor. This factor requires the court to consider whether "the relocation will enhance the general quality of life for the child, including, but not limited to, financial or emotional benefit or educational opportunity." *See* 23 Pa.C.S.A. § 5337(h)(7). The court found that although Mother testified that she had

identified a dual language school for the children in California, the financial and educational benefits for the children were, again, "entirely speculative." Trial Ct. Op. at 14 (italics removed). It found that Mother's relocation to California "would essentially deprive the children of any meaningful relationship with their biological father . . . absent a few short visits throughout the year," and concluded that the hypothetical benefits for the children advanced by Mother do not outweigh "[t]he emotional benefit of a meaningful relationship with their biological parent and paternal relatives[.]" ***Id.***

Mother appealed. However, Mother's counsel failed to request the transcripts when she filed her notice of appeal on December 12, 2025. ***See*** Pa.R.A.P. 904(c); Pa.R.A.P. 1911(a); ***Commonwealth v. Johnson***, 668 A.2d 97, 102 (Pa. 1995) ("It is [the] appellant's responsibility to ensure that any relevant transcripts be ordered and filed as part of the original record").[2]

Due to counsel's failure to request the transcripts, when the trial court drafted its opinion, it was without the benefit of final, certified copies of the transcripts. ***See*** Trial Ct. Op. at 4-5 (stating opinion addresses Mother's issues

_____

[2] Where an omission from the certified record renders it inadequate "to permit 'meaningful review,' . . . there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted." ***In re R.N.F.***, 52 A.3d 361, 363 (Pa.Super. 2012) (citation omitted). A failure to request the transcript may result in waiver of the issue or dismissal of the appeal. ***See*** Pa.R.A.P. 1911(d); ***Johnson***, 668 A.2d at 102 (declining to review issue where appellant did not secure transcripts or request the trial court correct the omission); ***In re R.N.F.***, 52 A.3d at 364-65 (dismissing appeal for lack of transcript or re-creation of transcript); ***In re J.C.***, 5 A.3d 284, 288 (Pa.Super. 2010) (declining to consider document in custody case that was not included in the certified record).

based on a rough drafts of the transcripts). The trial court transmitted the certified record to this Court without the transcripts.

When we discovered the defect, on January 21, 2026, we ordered Mother to request and pay for the transcripts on or before February 2, 2026. We "cautioned that the failure to comply with this directive **shall** result in dismissal of this appeal without further notice of [this C]ourt." Order, 1/21/26 (per curiam) (emphasis added). Mother's counsel then requested the transcripts. *See* Response to Order, February 3, 2026. However, despite our warning that we "shall" dismiss the case if Mother did not pay for the transcripts, Mother did not submit the complete payment for the transcripts until February 20, 2026 — well past the February 2 deadline. *See* Order, 2/25/26 (per curiam).

The court reporter eventually filed the transcripts in the trial court, in late February and March 2026. However, Mother's counsel took no action to ensure they were transmitted to this Court. *See* Pa.R.A.P. 1926(b) (allowing a party to correct omissions from the record). When we commenced the drafting of this memorandum (after receiving the parties' briefs in March and April), we discovered the transcripts were still missing. On our own initiative, we requested the transcripts from the trial court, and on May 19, 2026, they were at last transmitted to this Court.

Mother raises one issue: "Should the lower Court's Order denying Mother's Petition to Relocate be reversed because it is based on speculation

and factual findings that are contradicted by the undisputed evidence?" Mother's Br. at 3.

Mother asserts the court's conclusions regarding relocation factors two, six, and seven were not supported by the evidence of record. As to factor two, Mother challenges the court's conclusion that relocating to California would disrupt E.G.W.'s dental care. Mother claims this ignores her unrefuted testimony that a lead surgeon at CHOP is retiring, which will already disrupt the continuity of E.G.W.'s care. She also posits the court disregarded that E.G.W.'s surgery is not scheduled to occur for at least three more years, and that Mother has located a suitable care team for him in California.

Regarding factor six, Mother asserts the record does not support the court's conclusion that her "job search in Pennsylvania was not thorough enough, and that the salary she would earn would not satisfy the supposed increased cost of living in California." *Id.* at 10. She argues that in drawing this conclusion, the court disregarded her testimony "that despite her consistent search efforts, she has found no available jobs in Pennsylvania in her area of expertise," but has received job offers in her field in California. *Id.* at 9. She argues the court erred in finding her new salary would be incommensurate with a cost of living increase in California, when there was no testimony to support this conclusion.

Finally, regarding factor seven, Mother asserts that there was no evidence to contradict her testimony that she "is prepared to enroll her

children in a far superior school in California that would expose the children to an immersive learning experience in the Spanish language." *Id.* at 11.

Father responds that Mother has waived her issues by failing to reference the record evidence at any point in her argument. Father's Br. at 9-11 (citing Pa.R.A.P. 2119 and *Milby v. Pote*, 189 A.3d 1065, 1079 (Pa.Super. 2018)).[3] Mother did not file a reply brief.

We agree that Mother's issues are waived. Rule 2119(c) provides that where an appellant's argument refers to evidence, it "must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears[.]" Pa.R.A.P. 2119(c). Even more on point, Rule 2119(d) states that where the appellant challenges "the finding of, or the refusal to find . . . a fact," the appellant's argument "must contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found." Pa.R.A.P. 2119(d).

Where an appellant's brief fails to conform to the Rules and its defects are "substantial," such that they "impair our ability to conduct appellate review," we may quash or dismiss the appeal, or find waiver. Pa.R.A.P. 2101; *AmeriChoice Fed. Credit Union v. Ross*, 135 A.3d 1018, 1022 (Pa.Super. 2015) (citation omitted); *see also Int. of D.C.*, 263 A.3d 326, 336 (Pa.Super. 2021) (finding issue waived where defects in brief, including failure to provide

---

[3] Father also argues that Mother has waived the issues that she raised in her Rule 1925(b) Statement of Errors but did not pursue in her brief.

citations to the record "severely hamper[ed] our ability to conduct meaningful appellate review*")*; ***In re Adoption of K.C.***, 199 A.3d 470, 474 (Pa.Super. 2018) (finding defects in brief required waiver of issue); ***Milby***, 189 A.3d at 1079 (stating an appellate court will not "scour the record to find evidence to support an argument; instead, we will deem issue to be waived").

Here, Mother argues the court misapprehended facts she claims to have proven through her testimony. Yet, Mother's counsel has not cited the places in the record where the relevant testimony may be found. Mother's counsel does not make any citations to the record in the statement of the case, either.

Counsel's failure prevents us from conducting meaningful appellate review. We decline to search the record to locate the evidence relevant to Mother's issues. Without citations to the testimony, we cannot assess the trial court's conclusions. We find Mother's issues waived, and dismiss the appeal.

Appeal dismissed.

President Judge Emeritus Bender joins the memorandum.

Judge Kunselman files a concurring memorandum in which President Judge Emeritus Bender joins.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 7/28/2026